UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OATIS WAGERS,**

    **Plaintiff,**　　　　　　　　　　　　　**CASE NO.:**

v.

**SHREE RAM INVESTMENT, INC.**
**d/b/a HOLIDAY HOTEL & RESORT and**
**VIJAY SUKHARAMWALA, Individually**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OATIS WAGERS ("Plaintiff"), hereby sues Defendants, SHREE RAM INVESTMENT, INC. d/b/a HOLIDAY HOTEL & RESPORT, ("Holiday Hotel") and VIJAY SUKHARAMWALA, Individually, ("Sukharamwala"), collectively known as ("Defendants") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 13679(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff is an adult and a resident of Pasco County, Florida.

4. Defendant, Holiday Hotel, is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County.

5. Defendant, Holiday Hotel, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. Defendant, Sukharamwala, is an officer, director, manager, owner, and/or operator of Defendant, Holiday Hotel, and was directly involved in the day-to-day operations of Holiday Hotel, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

7. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods

for commerce.  Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

8. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants from approximately 2009 to July 2023.  At all times material to this case, Plaintiff worked for Defendants in the position of Head Maintenance and performed other general maintenance as requested by Defendants.

10. Until about two years ago, Plaintiff had been paid on a hourly basis with overtime pay for any hours over forty (40) worked in a week.  Approximately two years ago new management took over and placed Plaintiff on a salary of $13.00 per hour at forty hours per week.

11. Despite that change in pay, Plaintiff continued to work more than forty (40) hours per work week during his employment with Defendants for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate.

12. Plaintiff estimates he worked approximately sixty hours per week and would be on call every night, but was paid forty (40) hours of straight time no matter how many hours he worked per week.

13. Plaintiff resided on Defendants' property.

14. Plaintiff would routinely question the hotel manager as to why he was the only employee paid salary. Plaintiff's questions would be ignored.

15. Despite Defendants obligations as an employer, Defendants failed to keep accurate records of hours worked by Plaintiff even though they knew, or should have known, that Plaintiff was working in excess of forty (40) hours per work week.

16. Records, documents, and other evidence which reflect the actual number of hours worked by Plaintiff are in the possession of Defendants and will be obtained in discovery.

17. In addition to working there, Plaintiff resided on Defendants' property.

18. In approximately June 2023, after Plaintiff continued to complain about his pay, Plaintiff was abruptly given thirty days to vacate his room at Defendants' property.

19. Prior to the thirty days expiring, Plaintiff was told he had two hours to get out and to take his tools with him. Plaintiff did have enough time to gather

his numerous tools as he was ordered off the property.

20. Plaintiff later learned that Defendants had thrown his tools in the dumpster.

21. Plaintiff has retained the services of Florin|Gray and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

22. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

23. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

24. Defendants are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

25. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40)

hours in a work week.

26. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

27. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

28. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

29. Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

30. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

31. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

32. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendants for the following relief and damages:

a. Overtime compensation in the amount due to his for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Liquidated damages in an amount equal to the overtime award;

c. Prejudgment interest;

d. Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

f. Any other further relief the Court deems just and proper.

## COUNT II
## FLSA – RETALIATION

34. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

35. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the FLSA.

36. The above-described acts of retaliation constitute a violation of FLSA.

37. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a. Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Interest on front pay and benefits;

      e.    Compensatory damages, including those for emotional pain and suffering;

      f.    Punitive damages;

      g.    Injunctive relief;

      h.    Attorney's fees and costs; and

      i.    All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendants for the aforementioned relief and damages.

## COUNT III
## CONVERSION

38.    Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

39.    After kicking him out of his room, Defendants took possession of Plaintiff's tools that he kept in the room.

40.    Defendants intended to exercise, and did exercise, ownership over Plaintiff's property, which was inconsistent with the Plaintiff's right of possession.

41.    Plaintiff demanded that Defendants return the property to Plaintiff's possessions, but Defendants refused and stated that the property had been thrown

away.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendants for all damages and remedies available under the law.

**FLORIN|GRAY**

*s/ Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 48943
sterry@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942

Trial Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August 2023 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to counsel of record.

*/s Scott L. Terry*
Scott L. Terry, Esq.